# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 13-337V

Filed: December 21, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | UNPUBLISHED |
| BRIAN RANDALL, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

Franklin J. Caldwell, Jr., Maglio, Christopher & Toale, Sarasota, FL, for petitioner.
Gordon E. Shemin, United States Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 17, 2013, Brian Randall ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to 34 (2012).  Petitioner alleged that as a result of receiving a tetanus, diphtheria and pertussis ("Tdap") vaccination on September 6, 2011, he developed a number of injuries, including Guillain-Barré Syndrome and chronic inflammatory demyelinating polyneuropathy ("CIDP").  Stipulation at ¶¶ 1, 2, 4.  On June 16, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation.  A decision awarding compensation pursuant to the terms of the joint stipulation was issued June 17, 2016.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On December 14, 2016, petitioner filed a motion for attorneys' fees and costs, requesting $54,737.00 in attorneys' fees and $8,927.57 in attorneys' costs, for a total fees and costs request of $63,664.57.  Petitioner's ("Pet.") Motion ("Mot.") at ¶ 3-4, 9.  In accordance with General Order #9, petitioner states that she did not incur any personal costs in this case.  Id. at ¶ 6; Pet. Ex. 40.  Respondent filed a response to petitioner's application on December 16, 2016, stating that "[r]espondent respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response at 3.

## I.    Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1).  In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The requirement that attorneys' fees be reasonable also applies to costs.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

## II.    Reasonable Attorneys' Fees and Costs

### a.   Hourly Rates

Maglio Christopher & Toale ("MCT") has offices in both Washington, D.C., and Sarasota, Florida.  Pet. Ex. 42 at 1.  Counsel of record in this case, Franklin Caldwell, practices out of the Sarasota office, and work was performed by both Sarasota and Washington, D.C., paralegals.  Petitioner requests the following hourly rates:

Attorney Caldwell:
> $300 per hour for 2012-2015
> $356 per hour for 2016

Florida paralegals:
> Registered/Certified: $135 per hour
> Non-Registered/Certified: $105 per hour

Washington, D.C. Paralegals:
> $145 per hour

See generally, Pet. Ex. 38; Pet. Ex. 42 at 3.

The undersigned recently awarded Mr. Caldwell $356 per hour for work performed in 2016 and $300 per hour for work performed prior to that in Foster v. Sec'y of Health & Human Servs., No. 14-309V, 2016 WL 7233943 (Fed. Cl. Spec. Mstr. Nov. 15, 2016).  The rates awarded in Foster were consistent with the rates awarded by Special Master Corcoran in Dezern v. Sec'y of Health & Human Servs., No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016).  The rates requested by Mr. Caldwell in this case are consistent with the rates found reasonable in Foster and Dezern, and the undersigned finds them reasonable.  Similarly, the rates requested for the Florida paralegals in this case are consistent with the rates awarded in Foster and other recent cases, and the undersigned finds the rates reasonable.  Foster, 2016 WL 7233943, at *2; see also O'Neill v. Sec'y of Health & Human Servs., No. 08–243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).

Petitioners request a rate of $145 per hour for Washington, D.C., paralegals for work performed in 2015.  See Pet Ex. 38 at 16-20.  The issue of reasonable 2014–2015 forum rates was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  In McCulloch, a reasonable rate for work performed by paralegals in 2014–2015 was found to be $135 per hour.  Id. at *21.  Following McCulloch, the undersigned has awarded a rate of $135 per hour to MCT's Washington, D.C., paralegals for work performed in 2015.  See Ferguson v. Sec'y of Health & Human Servs., No. 14-975V, 2016 WL 4140949, at *3 (Fed. Cl. Spec. Mstr. July 11, 2016); Foster, 2016 WL 7233943, at *2.  In this case, as in Foster, petitioner has submitted affidavits from two paralegals, Danielle Caimona and Kristine Heefner, to support the requested 2015 Washington paralegal rate.  See Pet. Ex. 44.  Ms. Caimona is a paralegal at Brown, Goldstein and Levy, LLP, in Baltimore County, Maryland, and states that her billing rate is $175 per hour.  Id. at 1.  Ms. Heefner is a paralegal at Odin, Feldman & Pittleman, PC, in Reston, Virginia, and likewise states that her billing rate is $175 per hour.  Id. at 2.  Forum rates for 2014-2015 were arrived at after careful consideration of extensive rate evidence submitted in McCulloch, and the undersigned declines to depart from the rates established in McCulloch for the Washington, D.C., paralegals in this case.  As in Ferguson and Foster, the undersigned finds

3

the <u>McCulloch</u> rate of $135 per hour reasonable for work performed by the Washington, D.C., paralegals in this case during 2015.  The Washington, D.C., paralegals billed 21 hours in 2015.  <u>See</u> Pet. Ex. 38 at 14-20.  Accordingly, petitioner's requested attorneys' fees will be reduced by $210.00.

### b.  Hours Expended

On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable, with the exception of time billed at full rate for travel on August 7, 2012, November 10, 2015, and November 16, 2015.  Petitioner's counsel states that "only travel time that represented an actual loss of opportunity to work on this or another matter was billed," and notes that other attorneys in Sarasota charge their full hourly rate for travel time.  Pet. Ex. 31 at 3-4.  It is well established in the Vaccine Program, however, that travel time is compensated at 50 percent of counsel's usual hourly rate unless sufficient documentation exists indicating that work was performed while traveling.  <u>See</u> <u>Gruber v. Sec'y of Health & Human Servs.</u>, 91 Fed. Cl. 773, 791 (2010); <u>Rodriguez v. Sec'y of Health & Human Servs.</u>, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. July 27, 2009); <u>Carter v. Sec'y of Health & Human Servs.</u>, No. 04-1500V, 2007 WL 2241877 (Fed. Cl. Spec. Mstr. July 13, 2007); <u>Scoutto v. Sec'y of Health & Human Servs.</u>, No. 90-3576V, 1997 WL 588954 (Fed. Cl. Spec. Mstr. Sept. 5, 1997).  Thus, despite counsel's billing practices, time during which counsel was prevented from performing work tasks is *not* generally compensated in the Program at the full hourly rate.  On August 7, 2012, Mr. Caldwell billed .8 hours for time that was not usable for work for travel to Los Angeles, California, for a client visit.  Pet. Ex. 38 at 3.  Mr. Caldwell billed .7 hours for travel time on November 10, 2015, and .5 hours for travel time on November 16, 2015.  <u>Id.</u> at 20-21.  This travel time, totaling 2 hours, will be compensated at 50 percent of Mr. Caldwell's 2015 hourly rate of $300 per hour.  Accordingly, Mr. Caldwell's attorneys' fees will be reduced by $300.00.

### c.  Costs

Petitioner requests $8,927.57 in attorneys' costs.  Pet. Ex. 39 at 4.  The requested costs consist primarily of costs for medical records, the filing fee, costs related to Mr. Caldwell's client visits, and the cost of an expert report.  <u>See generally</u>, <u>id.</u>  The undersigned finds the requested costs reasonable.

## III.   Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of **$63,154.57** reasonable.

**The undersigned awards attorneys' fees and costs as follows:**

**(1) A lump sum of $63,154.57 in the form of a check payable jointly to petitioner and petitioner's counsel, Franklin J. Caldwell, of Maglio Christopher & Toale, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.